IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD JOHN COOPER, | ) | CIVIL NO. 23-00106 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER TO SHOW CAUSE WHY THIS |
| vs. | ) | ACTION SHOULD NOT BE |
| | ) | DISMISSED WITHOUT PREJUDICE |
| JUSTIN DAVID COURTNEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE

On February 24, 2023, pro se Plaintiff Richard John Cooper ("Plaintiff")

filed a Complaint, ECF No. 1, asserting both federal question jurisdiction and

diversity jurisdiction. *See id.* at 3. "Courts have an independent obligation to

determine whether subject-matter jurisdiction exists, even when no party

challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The Court is

presumed to lack subject-matter jurisdiction, and the plaintiff bears the burden of

establishing that subject-matter jurisdiction is proper. *See Kokkonen v. Guardian*

*Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter

jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

Upon review, even construing Plaintiff's Complaint liberally, *see Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it appears that Plaintiff's Complaint fails to demonstrate that the Court has jurisdiction.

As a preliminary matter, Plaintiff fails to articulate facts establishing diversity jurisdiction.  Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states.  *See* 28 U.S.C. § 1332(a)(1).  Complete diversity of citizenship requires that a plaintiff be a citizen of a different state than each of the defendants.  *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Diversity jurisdiction, however, "'does not encompass foreign plaintiffs suing foreign defendants.'"  *Faysound Ltd. v. United Coconut Chems., Inc.*, 878 F.2d 290, 294 (9th Cir. 1989) (quoting *Cheng v. Boeing Co.*, 708 F.2d 1406, 1412 (9th Cir. 1983), *cert. denied*, 464 U.S. 1017 (1983)).

Plaintiff's allegations indicate diversity is lacking here because all parties are foreign.  Specifically, Plaintiff asserts that each Defendant is a citizen of Australia.  *See* ECF No. 1 at 4.  And, although Plaintiff does not allege specific

facts in the Complaint regarding his citizenship beyond that his address is in Two Wells, South Australia, *see id.* at 2, he indicates in the civil cover sheet filed together with the Complaint that he is a "Citizen or Subject of a Foreign Country." ECF No. 2 at 1.

As to federal question jurisdiction, Plaintiff identifies the "International Covenant on Civil and Political Rights and Unidroit Treaty, in force in both Australia and the United States of America as a treaty expressing public policy" and the "Alien Tort Statute 1789," ECF No. 1 at 3, but fails to demonstrate that the Alien Tort Statute ("ATS") applies.  The ATS grants federal district courts "original jurisdiction of any civil action by an alien for a tort only, committed in violation of the law of nations or a treaty of the United States."  28 U.S.C. § 1350. But while the ATS "provides federal jurisdiction for a 'modest number of international law violations' recognized by 'the common law,'" *Jara v. Núñez*, 878 F.3d 1268, 1270 (11th Cir. 2018) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004)), claims brought under the ATS must "touch and concern the territory of the United States . . . with sufficient force to displace the presumption against extraterritorial application."  *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124–25 (2013) (citation omitted).  "This presumption 'serves to protect against unintended clashes between our laws and those of other nations which could result in international discord.'"  *Id.* at 115 (citation omitted).

3

Here, the conduct of Defendants — all associated with the Australian court system — with which Plaintiff takes issue, appears to relate to a judicial proceeding regarding property. *See* ECF No. 1 at 4–9; *id.* at 6 ("This action is designed to institute reforms to . . . Australian Justice[.]").  All such conduct occurred wholly in Australia. *See id.*  In other words, no relevant conduct took place in the United States and, moreover, as previously discussed, both Plaintiff and Defendants are not U.S. citizens.  Indeed, the only mention of the United States in the Complaint is that it is also a treaty signatory. *See id.* at 3.  Where, as here, "all of the . . . relevant conduct took place outside the United States" and the parties have no connection with the United States, "a federal court may not exercise jurisdiction under the Alien Tort Statute." *Jara*, 878 F.3d at 1270; *see also Mujica v. AirScan Inc.*, 771 F.3d 580, 594 n.11 (9th Cir. 2014) (collecting cases that rejected ATS claims where all relevant conduct occurred outside the United States even where a party was a U.S. citizen).

For the foregoing reasons, Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction.  Plaintiff must file a response to this Order to Show Cause by **March 29, 2023**, by either explaining why dismissal is not warranted or filing an amended complaint that cures the foregoing deficiencies.  Failure to timely respond to this Order to Show Cause will result in a finding that Plaintiff has failed to carry his

burden of establishing subject matter jurisdiction and the Court will dismiss the action without prejudice.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, February 28, 2023.



Jill A. Otake
United States District Judge

CV 23-00106 JAO-KJM; *Cooper v. Courtney, et. al.*; ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE