IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RICHARD JOHN COOPER, | ) | CIVIL NO. 23-00106 JAO-KJM |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING |
| vs. | ) | COMPLAINT WITHOUT LEAVE |
| | ) | TO AMEND |
| CHRISTOPHER MARK | ) | |
| CHAPMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND**

Pro se Plaintiff Richard John Cooper ("Plaintiff") filed his Complaint on February 24, 2023. ECF No. 1. For the following reasons, the Court DISMISSES the Complaint without leave to amend.

## I.   BACKGROUND

On the same day the Complaint was filed, Chief Judge Derrick K. Watson issued a Deficiency Order directing Plaintiff to pay the mandatory filing fee or submit an application to proceed *in forma pauperis*. ECF No. 3. Failing to do so, the Deficiency Order warned, would result in automatic dismissal. *Id.* at 2. That day Plaintiff submitted his filing fee. ECF No. 8.

On February 28, 2023, the Court issued an Order to Show Cause Why This Action Should Not Be Dismissed Without Prejudice informing the Plaintiff that he has the burden of establishing that subject-matter jurisdiction exists.  ECF No. 10.

On March 24, 2023, the Crown Solicitor from the Government of South Australia's Attorney-General's Department submitted a letter on behalf of Defendant Magistrate Kate White.  ECF No. 14.  In it, the Crown Solicitor advised the Court that Magistrate Kate White was not formally served and, in any event, she is immune from prosecution pursuant to Magistrates Court Act 1991.  *Id*.

Plaintiff timely filed his response to the order to show cause.  ECF No. 15.

## II.   STANDARD OF REVIEW

District courts may sua sponte dismiss complaints that present "obviously frivolous" allegations, even where the plaintiff is not proceeding *in forma pauperis*.  *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is obviously frivolous does not confer federal subject matter jurisdiction . . . and may be dismissed sua sponte before service of process.") (internal quotation and citations omitted).  A frivolous complaint "lacks an arguable basis either in law or fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

When evaluating whether a complaint fails to state a viable claim, the Court applies Federal Rule of Civil Procedure ("FRCP") 8's pleading standard as it does

2

in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise, and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citation and internal quotation marks omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  Federal courts are presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  If the Court lacks subject matter jurisdiction, an action must be dismissed.  Fed. R. Civ. P. 12(h)(3).

## III.   DISCUSSION

In the present case, even construing the Complaint liberally, the Court finds dismissal is appropriate because the Court lacks jurisdiction.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bernhardt v. Los Angeles Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003).  The Court has already engaged in a lengthy discussion regarding the lack of diversity jurisdiction — Plaintiff and Defendants are all citizens of Australia[1] — as well as federal question jurisdiction, *see* ECF No. 10, which is the sole jurisdictional basis now asserted by Plaintiff.  *See* ECF No. 8 at 4.

---

[1]  Plaintiff's civil cover sheet indicates that both Plaintiff and Defendants are "Citizen[s] or Subject[s] of a Foreign Country."  ECF No. 2 at 1.  Nevertheless, Plaintiff does not assert diversity jurisdiction, nor has he otherwise indicated that he is a U.S. citizen.  *See also, e.g.*, ECF No. 1 at 2 (listing South Australia as the addresses for all parties).

4

For the sake of brevity, the Court adopts its prior analysis, and focuses only on the relevant arguments raised in Plaintiff's answer to the order to show cause.

As to federal question jurisdiction, Plaintiff argues that pursuant to the Alien Tort Statute of 1789 ("ATS"), International Covenant on Civil and Political Rights ("Covenant"), and International Institute for the Unification of Private Law Treaty ("UNIDROIT Treaty"), the Commonwealth of Australia and United States are bound together "and as such the District Court of the United States of America has extraterritorial worldwide jurisdiction." ECF No. 16 at 3. Plaintiff also refers to David Golove, *The Alien Tort Statute and the Law of Nations: Newly Uncovered Historical Evidence of Founding Era Understandings*, Harvard Law School Human Rights Program Research Working Paper Series, Dec. 2020, *available at* https://hrp.law.harvard.edu/wp-content/uploads/2022/10/WP21_001_ Golove_The-AlienTortStatute.pdf (last visited April 13, 2023) ("Golove Article"), for the proposition that a presumption against extraterritorial jurisdiction violates the Law of Nations. ECF No. 16 at 2. More specifically, "the Founding Fathers intended that the District Courts of the United States would not just have power over the conduct of United States citizens, but extraterritorial power, to grant a remedy in tort wherever a tort was committed." *Id.* Plaintiff further appears to suggest that the location of the tort is "immaterial" and that should the Court find a presumption against extraterritorial, it would contravene "the Essence of God." *Id.*

5

at 5.  Lastly, Plaintiff seems to argue that once "a jury trial is elected," "the prerogative of justice is stripped from a Judge," and that should a judge "arbitrarily end a proceeding[ ]" it would do so in violation of the Holy Bible.  *Id.* at 6–7.

As a preliminary matter, as the Court previously stated, the ATS "provides federal jurisdiction for a 'modest number of international law violations' recognized by 'the common law,'" *Jara v. Núñez*, 878 F.3d 1268, 1270 (11th Cir. 2018) (quoting *Sosa v. Alvarez-Machain*, 542 U.S. 692, 724 (2004)), and that claims brought under the ATS must "touch and concern the territory of the United States . . . with sufficient force to displace the presumption against extraterritorial application."  *Kiobel v. Royal Dutch Petroleum Co.*, 569 U.S. 108, 124–25 (2013) (emphasis added) (citation omitted).  "This presumption 'serves to protect against unintended clashes between our laws and those of other nations which could result in international discord.'"  *Id.* at 115 (citation omitted).  And the presumption is not undermined by the Golove Article, which merely posits that the ATS was not intended to limit the scope of liability of *U.S. Nationals* for torts committed abroad.  *See* Golove Article at 14.

As for the International Covenant on Civil and Political Rights, the Petition's reliance on the Covenant does not cure the Complaint's deficiencies.  Referencing the Covenant, without identifying what specific provisions of the treaty are applicable, is insufficient to meet Plaintiff's burden of establishing

6

federal question jurisdiction. *See Simanov v. Guam PDN*, Civil Case No. 19-00147, 2020 WL 5845712 (D. Guam Sept. 30, 2020) (concluding that plaintiff's general reference to the Covenant was not enough to establish subject matter jurisdiction). More notably, the Ninth Circuit has held that the Covenant was ratified "on the express understanding that it was not self-executing and so did not itself create obligations enforceable in the federal courts." *Serra v. Lappin*, 600 F.3d 1191, 1197 (9th Cir. 2010).

Plaintiff's reliance on the UNIDROIT Treaty is also misplaced. According to the independent intergovernmental organization, the purpose of the UNIDROIT Treaty is to "study needs and methods for modernizing, harmonizing and co-ordinating private and in particular commercial laws as between States and groups of States and to formulate uniform law instruments, principles and rules to achieve those objectives." "Overview," https://www.unidroit.org/about-unidroit/overview/ (last accessed April 13, 2023). In fact, the UNIDROIT Treaty is a "non-binding codification or restatement of the general part of international contract law." "UNIDROIT Principles of International Commercial Contracts," https://www.unidroit.org/contracts/#1456405893720-a55ec26a-b30a (last accessed April 13, 2023). Plaintiff cannot demonstrate the applicability of the UNIDROIT Treaty to its claims because he cannot show that it is binding to the United States government let alone the Court.

What is at the heart of the Complaint is that some alleged misconduct of Defendants — who are all citizens of Australia — occurred within the Australian justice and law enforcement system. *See* ECF No. 1 at 4–9. That Australia's Constitution may be premised on that of the United States, or that Plaintiff maintains that the Law of Nations has been violated by Defendants, does not alter whether *Defendants' acts* touch and concern the territory of the United States. Thus, where, as here, there are no allegations that relevant conduct took place in the United States and the parties have no connection with the United States, "a federal court may not exercise jurisdiction under the Alien Tort Statute." *Jara*, 878 F.3d at 1270. Accordingly, the Court lacks the federal question jurisdiction asserted by Plaintiff.

//

//

//

//

//

//

//

CONCLUSION

For the foregoing reasons, the Complaint, ECF No. 1, is DISMISSED WITHOUT LEAVE TO AMEND.  The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, April 13, 2023.



Jill A. Otake
United States District Judge

CV 23-00106 JAO-KJM; *Cooper v. Courtney, et. al.*; ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND